## PERDUE v. MIAMI HERALD PUBLISHING CO.
No. 11-315.

Circuit Court, De Soto County.

July 6, 1970.

Robert F. Nunez, St. Petersburg, for the plaintiff.

Dan Paul and John Edward Alley of Paul & Thomson, Miami, for the defendant.

JOHN D. JUSTICE, Circuit Judge.

Plaintiff, Mattie Perdue, a/k/a Mrs. Emmett Perdue, brought a libel action in the circuit court of DeSoto County against defendant the Miami Herald Publishing Company. Defendant has filed a sworn motion to transfer for improper venue.

It appears from defendant's motion that its office for the transaction of its customary business is in Dade County and that the issue of its May 4, 1969 newspaper, including its Sunday Magazine *Tropic* of May 4, 1969, in which the alleged libelous statement concerning the plaintiff is found were first published on the evening of May 3, 1969 in Dade County.

Subsequent to the Supreme Court decision in First America Development Corporation v. Daytona Beach News-Journal Corporation, 196 So.2d 97 (1966), rehearing denied, February 8, 1967, the legislature enacted §§770.05-.08, Florida Statutes, which became effective September 1, 1967.

§47.051, Florida Statutes, allows suits to be maintained against corporations in the county or district where the corporation has or usually maintains an office for the transaction of its customary business or where the cause of action accrued.

§770.07, provides that a cause of action for libel based upon any one edition of a newspaper accrues at the time of the first publication within the state.

Therefore as provided in §770.07 and §47.051 this action for libel against defendant, the Miami Herald Publishing Company, may be maintained only in the county where the article was first published.

For these reasons, the motion to transfer for improper venue of the defendant, the Miami Herald Publishing Company, is granted and the clerk is directed to transfer this file to the clerk of the circuit court of Dade County, together with a certified copy of this order.